## W. H. Robertson v. G. M. Emerich.

1. BILLS OF PARTICULARS—*Matters Not Included, When Competent
in Rebuttal.*—Evidence of matters not included in a bill of particulars,
while not admissible for the purpose of showing a cause of action, is
competent in an action on a promissory note for the purpose of rebut-
ting proof of payment, by showing that such payment was in fact in
connection with other transactions.

Robertson v. Emerich.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed May 10, 1900.

Statement.—This suit was brought to recover upon three promissory notes. The bill of particulars filed by appellee, plaintiff below, limited the claim of the appellee to the three notes. An issue was raised as to the application of certain payments made by appellant. It is contended by appellee that they were in part made upon another and different transaction. Appellant contended that the payments were all made to apply upon the notes in question. In rebutting the proof of payment, appellee was allowed, over objection, to present evidence of the other transaction upon which he contended the payment applied. This was objected to by appellant as presenting matters not contained in the bill of particulars.

Appellee recovered verdict and judgment.

Morton G. Smith, attorney for appellant.

Richard J. Finn, attorney for appellee.

Mr. Presiding Justice Sears delivered the opinion of the court.

The verdict is sustained by the evidence. The only conflict was upon the application of certain payments, and upon that issue we are of opinion that the evidence is ample to warrant the finding of the jury.

The only question raised as to error in the rulings of the court is the admissibility of evidence of a transaction not included in the bill of particulars. But this evidence was not admitted to show a ground of action. It was merely for the purpose of rebutting the proof of payment, by showing that the payment was in fact in connection with the other transaction and not upon the notes. This was in no manner going beyond the limitations imposed by the bill of particulars, and in it there was no error.

No other question is raised upon this record.

The judgment is affirmed.